IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREY SHINGLER, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 3:12-cv-00819-P |
| vs. | § | |
| | § | |
| MICHAEL J. SCOTT, P.C., | § | |
| Defendant | § | |

# JOINT CASE MANAGEMENT PLAN

1.  State when the parties conferred as required by Rule 26 (f) and identify the counsel who conferred.

    **May 11, 2012**

    **Dennis R. Kurz Attorney for Plaintiff Trey Shingler**

    **Michael J. Scott Attorney for Defendant Michael J. Scott, P.C.**

2.  List the name, bar number, address, email address, and telephone number of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.

    **Dennis R. Kurz**
    **Texas State Bar # 24068183**
    **Two Allen Center**
    **1200 Smith Street**
    **16th Floor**
    **Houston, TX 77002**
    **(888) 595-9111 ext. 412**
    **(866) 565-1327 (fax)**
    **Attorney for Plaintiff**
    **WEISBERG & MEYERS, L.L.C.**

**Michael J. Scott**
**Texas State Bar # 24000876**
**1120 Metrocrest Dr.**
**Suite 100**
**Carrollton, TX 75006**
**214-234-8456**
**214-234-8454 (fax)**
**Attorney for Defendant**
**MICHAEL J. SCOTT, P.C.**

3. List the correct names of the parties to this action.

   **Plaintiff: Trey Shingler**

   **Defendant: Michael J. Scott, P.C.**

4. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **None.**

5. Briefly describe what the case is about.

   **Plaintiff Trey Shingler alleges Defendant Michael J. Scott, P.C. violated the Federal Fair Debt Collection Practices Act, the Texas Debt Collection Act and Texas Deceptive Trade Practices Consumer Protection Act in attempting to collect an alleged debt from Plaintiff.**

   **Defendant Michael J. Scott, P.C. was sued by Plaintiff Trey Shingler for alleged violations of Federal Fair Debt Collection Practices Act, the Texas Debt Collection Act and Texas Deceptive Trade Practices Consumer Protection Act. Defendant filed a general denial to all causes of action and pled affirmative defenses.**

6. Specify the allegation of federal jurisdiction.

   **Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).**

7. Name the parties who disagree and the reasons.

   **Plaintiff and Defendant do not disagree with regards to jurisdiction or venue. However, Plaintiff and Defendant disagree as to whether Defendant Michael**

        **J. Scott, P.C. violated the statutes at issue. Plaintiff and Defendant also disagree as to whether Plaintiff suffered any damages and/or is entitled to any relief and whether or not Defendant is liable for the same.**

8. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    **None at this time.**

9. List anticipated interventions.

    **No interventions are anticipated at this time.**

10. Describe class-action issues.

    **This matter involves no class-action issues.**

11. State whether the parties are exempt from initial disclosures under Rule 16(A)(1)(E).

    **None.**

12. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    1. Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(f)

    **None.**

    2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues.

    **Plaintiff's claims and Defendant's affirmative defenses.**

    3. Any issues relating to disclosure and discovery of electronically stores information (ESI), including the form(s) in which it should be produced.

    **None at this time.**

    4.      The steps already taken or that will be taken for preserving discoverable information, including ESI.

        **None.**

    5.      Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production.

        **None.**

    6.      Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

        **None.**

B.      Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff anticipates taking the oral deposition of the following but not limited to witnesses: Defendant's corporate representatives, fact witnesses, and expert witnesses. Plaintiff anticipates taking these oral depositions within the next 120 days.**

C.      Of whom and by when the defendant anticipates taking oral depositions.

**Defendant anticipates taking the oral deposition of the Plaintiff. Defendant anticipates taking these oral depositions within the next 120 days.**

D.      When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff will designate experts and provide their reports by October 5, 2012. Defendant will designate responsive experts and provide their reports by November 2, 2012.**

E.      When plaintiff (or the party with the burden of proof on an issue) anticipates taking depositions and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).

          **Plaintiff anticipates taking and completing expert depositions by December 7, 2012. The identity of said experts are unknown at this time.**

    F.    List expert depositions the opposing party anticipates taking and their anticipated completion date.

          **Defendant anticipates taking and completing expert depositions by December 7, 2012. The identity of said experts are unknown at this time.**

    G.    Whether there should be separate deadlines for the completion of fact discovery and expert discovery.

          **None.**

    H.    If the parties disagree on any part of the discovery plan, describe the opposing views.

          **Not applicable. Parties are in agreement on the discovery plan.**

13.    Specify the discovery beyond initial disclosure that has been undertaken to date.

          **Interrogatories, Requests for Production and Requests for Admissions were served on Defendant on May 24, 2012. To date, Defendant has not responded and shall on or before June 24, 2012.**

14.    State the progress made toward settlement, and the present status of settlement negotiations by providing the information below:

    a.    Describe the possibilities for a prompt settlement or resolution of the case the were discussed in your Rule 26(f) meeting.

          **The parties believe this matter can be resolved after some discovery has been conducted, which will enable the parties to better evaluate Plaintiff's claims and settlement options.**

    b.    Describe what each party has done or agreed to do to bring about a prompt resolution.

          **The parties have agreed to continue settlement discussions throughout discovery.**

      c.      State whether a demand and an offer have been made.

            **Plaintiff has made a demand to Defendant. Defendant has made an offer to Plaintiff.**

      d.      If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate.

            **The parties have not agreed to a specific mediator.**

15. Magistrate may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties have not agreed to allow this matter to be tried before a magistrate judge.**

16. State whether a jury demand has been made and if was made on time.

    **Plaintiff has made a timely jury demand.**

17. Specify the number of days it will take to present the evidence in this case.

    **The parties anticipate it will take 2 days to present evidence in this case.**

18. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

19. List other motions pending.

    **None at this time.**

20. Indicate other matter peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **Not applicable.**

21. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Plaintiff filed a Disclosure of Interested Parties on March 20, 2012. Defendant filed a Disclosure of Interested Parties on April 23, 2012.**

24. Proposed Dates for Scheduling

    **The parties will review the proposed dates in the Court's Scheduling Order.**

25. List the name, bar numbers, address and telephone numbers of all counsel.

| | |
|---|---|
| **Dennis R. Kurz** | **Michael J. Scott** |
| **Texas State Bar # 24068183** | **Texas State Bar # 24000876** |
| **Two Allen Center** | **1120 Metrocrest Dr.** |
| **1200 Smith Street** | **Suite 100** |
| **16th Floor** | **Carrollton, TX 75006** |
| **Houston, TX 77002** | **214-234-8456** |
| **(888) 595-9111 ext. 412** | **214-234-8454 (fax)** |
| **(866) 565-1327 (fax)** | **Attorney for Defendant** |
| **Attorney for Plaintiff** | **MICHAEL J. SCOTT, P.C.** |
| **TREY SHINGLER** | |

Respectfully Submitted,

/s/ Dennis R. Kurz
Dennis R. Kurz
WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
Phone: (512) 436-0036 ext. 412
Facsimile: (866) 317-2674
Attorney for Plaintiff

/s/ Michael J. Scott
Michael J. Scott
Michael J. Scott, P.C.
1120 Metrocrest Dr.
Suite 100
Carrollton, TX 75006
214-234-8456
214-234-8454 (fax)
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I certify that on June 5, 2012, a true and correct copy of the foregoing was filed with the Clerk of the U.S. District Court, Northern District of Texas using the Court's CM/ECF system. A copy of the foregoing was served on Defendant, Michael J. Scott, P.C., through counsel of record, Mr. Michael J. Scott, Michael J. Scott, P.C., 1120 Metrocrest Dr., Suite 100, Carrollton, TX 75006, electronically via the Court's CM/ECF system.

/s/ Dennis R. Kurz
Dennis R. Kurz